```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


ANGELA OCHOA                                      CIVIL ACTION

v.                                                NO. 06-10716

PV HOLDING CORPORATION,                           SECTION "F"
BUDGET RENTAL CAR COMPANY, and
PAUL GULLEY
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the plaintiff's motion is GRANTED.

Background

Angela Ochoa was injured while riding in a Ford Explorer that was rear-ended by Paul Gulley, who was driving a Budget rental car. The accident happened on February 2, 2006 in New Orleans. Ms. Ochoa, a Louisiana citizen, sued Paul Gulley, Budget Rent A Car System, Inc., and PV Holding Corporation (the title holder of Budget rental cars) in state court on October 5, 2006. Budget and PV Holding were served on October 31, 2006. They removed the suit to this Court on November 30, 2006, invoking the Court's diversity jurisdiction. Paul Gulley was served on December 21, 2006.

The plaintiff now moves to remand, contending that the Court lacks subject matter jurisdiction. Budget is a citizen of Delaware. Before his apartment was destroyed by Hurricane Katrina on August 29, 2005, Paul Gulley had lived in Orleans Parish,

1

Louisiana. He evacuated to Arlington, Texas, where he has been living since the storm. The issue before the Court is the evacuee Paul Gulley's domicile at the time the state court petition was filed.

## I.   Standard for Remand

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Budget and PV Holding removed this case on the basis of diversity jurisdiction. The plaintiff initially contends that Paul Gulley's failure to consent to the removal renders removal procedurally defective. Alternatively, the plaintiff contends that the Court lacks subject matter jurisdiction because Paul Gulley was a Louisiana domiciliary at the time the complaint and removal petition were filed.

The Court agrees that it lacks subject matter jurisdiction,

but first addresses the plaintiff's procedural defect ground for remand.

    A defect in the procedure for removal, if timely asserted, may be grounds for remand. 28 U.S.C. § 1447(c) (providing 30-day window for challenges to procedural defects in removal); Caterpillar, Inc. v. Lewis, 519 U.S. 61, (1996). The "rule of unanimity" requires that, absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446. Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1261-62 (5th Cir. 1988) (holding that all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served); Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002).[1] In other words, "[d]efendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it." Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d at 1262 n.9 (5th Cir. 1988) (citing Pullman Co. v. Jenkins, 305 U.S. 534 (1939)). It is undisputed that Paul Gulley had not been served at the time the served defendants filed

---

[1] "It is well settled in the Fifth Circuit that all defendants who have been served before removal must consent to removal within 30 days after service on the first defendant." Forman v. Equifax Credit Info. Services, Inc., 1997 WL 162008, at *1 (E.D. La. April 4, 1997) (Clement, J.) (citing Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) and Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254, 1263 (5th Cir. 1988)).

their notice of removal.  His consent was not required.[2]

## II.   Diversity Jurisdiction

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

By providing that the judicial power of the United States shall extend to controversies "between Citizens of Different States," Article III, §2 of the United States Constitution vests diversity jurisdiction in federal courts.  For a court to have subject matter jurisdiction over a case based upon 28 U.S.C. § 1332, *complete* diversity must exist between the plaintiff and the defendant (no plaintiff may be a citizen of the same state as any defendant).  Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 555 (5th Cir. 1985); Mas v. Perry, 489 F.2d 1396, 1398-00 (5th Cir. 1974), cert. denied, 419 U.S. 842 (1974).  The determination of state citizenship for diversity purposes is a matter of federal common law and is not determined by state law.  Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974); Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  Diversity of citizenship must be present at the time

---

[2] To the extent the plaintiff is contending that removal is defective because Gulley is in fact a Louisiana citizen and not a citizen of Texas, these contentions are addressed in the Court's analysis of whether the parties are completely diverse.

the complaint is filed; therefore, the Court examines a litigant's domicile at the time when the complaint was filed. Mas, 489 F.2d at 1399.

The citizenship of an individual is synonymous with his domicile. Freeman, 754 F.2d at 555. The United States Supreme Court defined domicile as "residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." Mitchell v. United States, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). The Fifth Circuit has refined the definition: "A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" Mas, 489 F.2d at 1399 (quoting Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)). There is no minimum period of residence required, but the intent to remain at the particular place for an unlimited or indefinite period of time is required. Freeman, 754 F.2d at 555.

The law of domicile is a mixed question of law and fact. Welch v. American Surety Co., 186 F.2d 16 (5th Cir. 1951); Knapp v. State Farm Ins., 584 F. Supp. 905, 906 (E.D. La. 1984); Whitney Nat'l Bank v. Chatelain, 1991 WL 213917 (E.D. La. 1991). The party invoking federal jurisdiction has the burden of pleading the diverse citizenship, and if diversity jurisdiction is properly challenged, that party also bears the burden of proof. Mas, 489

F.2d at 1399 (citations omitted).

In ascertaining domicile, the Court is not limited to the pleadings; rather, it may review record evidence, affidavits, and testimony concerning facts underlying the citizenship of the parties.  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  While relevant to the determination of domicile, a statement of intent is "entitled to little weight if it conflicts with objective facts." Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985).

In determining one's domicile, the Court should address a variety of factors, none of which is itself determinative.  Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996).  In fact, "[t]he court should look to all evidence shedding light on the litigant's intention to establish domicile."  Id.  The actual fact of residence and the real intention of remaining there, as disclosed by a person's entire course of conduct, are the controlling factors.  See Freeman, 754 F.2d at 555-56.[3]

### III.

Federal subject matter jurisdiction here turns on where was Gulley's domicile on October 5, 2006 when this lawsuit was filed.

---

[3] Some factors the Court may examine include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has his drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.  Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

The defendants have the burden of showing that removal was proper; thus, they must show that Gulley was a Texas domiciliary at the time the plaintiff filed her complaint.  The Court finds that the defendants have not carried their burden.

The parties agreed to limited discovery relating to the issue of Gulley's domicile and he was deposed in December 2006.  Gulley testified that he was born in New Orleans and lived there until Hurricane Katrina.  Though he was living in Texas, he was "visiting family" in New Orleans when the car accident giving rise to this lawsuit happened in February 2006.

The plaintiff characterizes Gulley as being domiciled in Louisiana in February 2006 when the accident happened and months later when she filed this lawsuit.  She points to Gulley's Louisiana driver's license, which he presented at the time of the accident, and the fact that he did not have permanent employment in Texas until shortly before his deposition.

The defendants characterize Gulley as being domiciled in Texas, pointing to his deposition testimony that he has resided in Texas since he evacuated there shortly after the storm, does not presently intend to live in Louisiana, and recently got a job in Texas.

The Court notes that the record provides few objective facts concerning Gulley's domicile in October 2006; indeed, the record consists only of Gulley's deposition testimony, which is attached

(albeit unauthenticated) to the defendants' opposition to the plaintiff's motion to remand.  Accordingly, the defendants have not addressed many of the objective facts that typically aid the Court in ascertaining domicile, e.g., the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has his drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.  See Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

The record shows that Gulley works and resides in Texas.  The defendants do not dispute that Gulley has a Louisiana driver's license.  He has lived in New Orleans all of his life until he was forced to leave because Hurricane Katrina destroyed his home; he has family in New Orleans.  He was in New Orleans at the time of the accident, though the record does not show the duration of his stay or how often he travels between Texas and Louisiana, nor when he developed his present intention to stay in Texas "indefinitely."

Gulley's recent employment in Texas and his subjective statement that he does not *presently* intend to live in New Orleans fall short of establishing that his domicile several months ago -- at the time the complaint was filed -- was Texas and not Louisiana.  There is little objective evidence to corroborate his subjective present statement of intent.  The defendants bear the burden of showing diverse citizenship because they are attempting to invoke

this Court's subject matter jurisdiction.  They have failed to carry that burden to show that Gulley was a citizen of Texas at the time the complaint was filed; thus, the Court lacks removal jurisdiction based on diversity of citizenship.

Accordingly, the plaintiff's motion to remand is GRANTED.  The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, February 8, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE